UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

   -against-

LOCAL 1181, AMALGAMATED TRANSIT UNION,

                Defendant.

-----------------------------------------------------------x

BROWN, M. J.

COMPLAINT

Civil Action
No.

Plaintiff Thomas E. Perez, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the June 12, 2014 election of union officers conducted by Local 1181, Amalgamated Transit Union ("Defendant") for the offices of President, Financial Secretary, Vice President, Recording Secretary, Executive Board #1, Executive Board #2, Executive Board #3, Executive Board #4, Executive Board #5, Executive Board #6, Executive Board #7, Executive Board #8, and Executive Board #9 is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Thomas E. Perez is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Nassau, New York, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. Defendant, purporting to act pursuant to its Bylaws and the Constitution and General Laws of Amalgamated Transit Union conducted an election of officers on June 12, 2014, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. By letter dated and hand delivered on June 23, 2014, to the Defendant's Secretary-Treasurer, the complainant, Thomas Salerno, a member in good standing of the Defendant, protested the June 12, 2014 election.

9. Having invoked the available remedies for three calendar months without receiving a final decision after invocation, Salerno filed a timely complaint with the Secretary of Labor on September 25, 2014, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

10. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of

the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's June 12, 2014; and (2) that such violations had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

11. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election, by denying members in good standing the right to vote.

12. Defendant violated section 401(c) of the Act, 29 U.S.C. § 481(c), during the conduct of the aforesaid, by failing to comply with a candidate's reasonable request for distribution of campaign material to all members in good standing when an incomplete list of members in good standing was used to mail the candidate's campaign literature.

13. The violations of section 401(c) and (e) of the Act (29 U.S.C. § 481(c) and (e)) may have affected 1,389 votes. The largest margin of victory in the election was 565 votes. The violations affected the outcome of the Defendant's election for all offices: President, Financial Secretary, Vice President, Recording Secretary, Executive Board #1, Executive Board #2, Executive Board #3, Executive Board #4, Executive Board #5, Executive Board #6, Executive Board #7, Executive Board #8, and Executive Board #9.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the offices of President, Financial Secretary, Vice President, Recording Secretary, Executive Board #1, Executive Board #2, Executive Board #3, Executive Board #4, Executive Board #5, Executive Board #6, Executive Board #7, Executive Board #8, and Executive Board #9 to be void;

(b) directing the Defendant to conduct a new election for those offices under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Dated: Brooklyn, New York
February 10, 2015

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

LORETTA E. LYNCH
United States Attorney

By: _____
RICHARD K. HAYES
Assistant U.S. Attorney
(718) 254-6050

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

WILLIE B. WHITE
Attorney

U.S. Department of Labor

4